UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


DONALD KEITH BURTON                                                    PLAINTIFF

V.                                              CIVIL ACTION NO. 3:09-cv-69-CWR-FKB

CHRISTOPHER EPPS, COMMISSIONER, et al.                          DEFENDANTS

REPORT AND RECOMMENDATION

        This cause is before the Court on the petition of Donald Keith Burton for habeas corpus

relief filed pursuant to 28 U.S.C. § 2254.  At the outset, the Court notes that its review of

Burton's convictions is circumscribed.   In other words, federal courts do not sit as "super" state

supreme courts in habeas corpus proceedings to review errors under state law.   Dickerson v.

Guste, 932 F.2d 1142, 1145 (5th Cir. 1991).   Instead, "[a] state prisoner is entitled to relief

under 28 U.S.C. § 2254 only if he is held 'in custody in violation of the Constitution or laws or

treaties of the United States.'" Engle v. Isaac, 456 U.S. 107, 110 (1981)(citing 28 U.S.C. §

2254(a)).   Guided by these fundamental principles, the Court has considered Burton's petition,

his amended petition, his traverse, the Respondent's answer, the supporting memoranda, related

filings, as well as the record.  For the reasons that follow, the undersigned concludes that the

petition is not well-taken and should be dismissed with prejudice.

I. FACTS AND PROCEDURAL HISTORY

        Burton is currently in the custody of the Mississippi Department of Corrections

("MDOC") after being convicted of kidnaping, rape, and armed robbery in the Circuit Court of

the First Judicial District of Hinds County, Mississippi.  See Docket No. 13 (Notice of

Conventional Filing), State Court Record ("S.C.R."), vol. 1 at 72-74.  On April 1, 2004, Burton

was sentenced to serve twenty-five (25) years with five (5) years suspended on the charge of

kidnaping, twenty-five (25) years with five (5) years suspended on the charge of rape, and twenty-five (25) years with five (5) years suspended for armed robbery. Id. All sentences were to run consecutively, followed by five (5) years post-release supervision. Id.[1]

On direct appeal, the Mississippi Supreme Court assigned the case to the Mississippi Court of Appeals, and Burton raised the following points of error:

1. Whether the trial court erred in denying appellant's motion to dismiss for failure to provide him with a speedy trial;

2. Whether the trial court erred in denying appellant's motion to suppress voice identification of the victim, thus admitting evidence of a voice identification made during a suggestive confrontation;

3. Whether appellant was denied his right to effective assistance of counsel at trial;

4. Whether the trial court erred in not granting appellant's motion for a directed verdict and motion for judgment notwithstanding the verdict; and

5. Whether the trial court erred in denying appellant's motion for a new trial.

Docket No. 13, S.C.R., Briefs and Other Pleadings, Appellant's Br. at 6. The Mississippi Court

---

[1]According to the decision affirming his convictions, late on the evening of September 12, 2000, Burton kidnaped a young woman at gunpoint from a United States Post Office in Jackson, Mississippi. Burton v. State, 970 So. 2d 229 (Miss. Ct. App. 2007). The Mississippi Court of Appeals relates that Burton forced the victim into her car, drove her to her nearby bank, and forced her to withdraw money from an automated teller machine. Thereafter, he took her to a secluded parking lot where he raped her at gunpoint across the trunk of her car. Id. During the entire course of events, lasting about forty-five minutes, he obscured his face with a towel, talked continuously to the victim, threatened to kill her if she looked at him or did not accede to his wishes, and threatened to kill her and her family if she told police about the incident. Id. Burton returned the victim to the post office, from which he sped away in what was later determined to be a stolen vehicle. The victim gave chase and was able to give a partial tag number to a 911 operator via her cell phone, after which she encountered a police officer, who gave her assistance. Id.

Burton's federal convictions and subsequent reversals based upon the same events that transpired on September 12, 2000, are discussed in United States v. Burton, 324 F.3d 768 (5th Cir. 2003), and United States v. Burton, 425 F.3d 1008 (5th Cir. 2005).

of Appeals affirmed Burton's conviction on direct appeal on December 4, 2007.  Burton v. State,

970 So. 2d 229 (Miss. Ct. App. 2007).  Burton did not file a petition for a writ of certiorari to the

Mississippi Supreme Court for review of the decision.

On November 10, 2008, Burton filed a motion for post-conviction relief.  Docket No. 13

(Notice of Conventional Filing), S.C.R. Miscellaneous Pleading.  In his motion for post-

conviction relief, Burton raised several issues to be considered:

1.  "Conviction obtained by a 5th Amendment 'Due Process Clause' violation and a Sixth (6) Amendment violation for ineffective assistance of counsel on direct appeal."

2.  "Conviction obtained by a Fifth Amendment 'Due Process Clause' violation when an unduly suggestive pre-trial identification was allowed at trial."

3.  "Conviction obtained by a Sixth Amendment violation of ineffective asstance of counsel at trial."

a.  "[H]is lawyer did not call alibi witnesses."

b.  "[H]is lawyer also waived a Polk hearing without explaining the importance of it to his client."

c.  "He did not file a motion for a fingerprint expert."

d.  "[T]he DNA expert that had been furnished did not testify."

e.  "He did not ask for a mistrial when an unqualified witness got on the stand and gave improper testimony about being able to read fingerprints."

f.  Counsel did not properly attack an expert's credibility.

g.  "[H]is counsel did not put up much of a fight, or pre-trial investigation."

Docket No. 13 (Notice of Conventional Filing), S.C.R. Miscellaneous Pleading, Motion for Post-

Conviction Collateral Relief.

On January 13, 2009, the Mississippi Supreme Court denied the application for leave to

file a motion for post-conviction relief. Docket No. 12-2 at 20. The court found that "Burton's claims of ineffective assistance of counsel do not meet the requirements set out in <u>Strickland v. Washington</u>." As to the remaining claims, the court found that they "either were raised or could have been raised in previous proceedings and are therefore procedurally barred" under Mississippi Code Annotated § 99-39-21, and, "[n]otwithstanding the bar, the panel finds those claims to be without merit." <u>Id.</u>

In his original Petition for Writ of Habeas Corpus filed in this Court, Burton set forth several grounds for relief, summarized as follows:

Ground One:   Whether Petitioner was denied his right to effective assistance of counsel at trial and on direct appeal.

A. Trial counsel failed to call a key witness.

B. Appellate counsel failed to state which witness should have been called.

Ground Two:   Whether the trial court erred in denying Petitioner's motion to suppress voice identification of the victim, thus admitting evidence of a voice identification made during a suggestive confrontation.

Ground Three: Whether the trial court erred in not granting Petitioner's motion for a directed verdict and motion for judgment notwithstanding the verdict.

Docket No. 1.

Before the State responded to the original petition, Burton filed a Motion for Leave to File an Amended Habeas Corpus (Docket No. 10), to which he attached an Amended Petition and "Amended Memorandum in Support of Habeas Corpus." In the Amended Petition, petitioner expanded upon his ineffective assistance of counsel claims, setting forth additional grounds for relief, summarized as follows:

1. Trial counsel provided ineffective assistance when he failed to call a defense expert on DNA;

2. Trial counsel provided ineffective assistance when he failed to properly cross-examine the State's DNA expert;

3. Trial counsel provided ineffective assistance when he failed to request a fingerprint expert; and

4. Trial counsel provided ineffective assistance when he failed to effectively cross-examine the State's fingerprint expert.

Docket No. 10 at 6; Docket No. 18 at 5.

In his "Amended Memorandum in Support of Habeas Corpus," Petitioner alleged

additional grounds for relief, quoted as follows:

1. "The D.N.A. Evidence, along with the fact that there was no D.N.A. Expert Defense Testimony was Error." Docket No. 19 at 1 (listed as issue number 4 by Petitioner in his "Statement of the Issues").

2. "There was no Denfense [sic] Fingerprint Expert." Id. (listed as issue number 5 by Petitioner in his "Statement of the Issues").

3. "Substitution of Counsel. The State Court's failure to make a formal inquiry into the conflict between Petitioner and counsel for the defense deprived Petitioner of his Sixth Amendment rights." Id. at 10 (listed as "Ground 1-d" by Petitioner in his argument).

4. "Conflict of Interest. Counsel for the Defense would not cooperate with Petitioner in my defense." Id. at 18 (listed as "Ground Three" by Petitioner in his argument).

5. "Petitioner was denied the right to the Constitutional guarantee of the Sixth Amendment for a fast and speedy trial." Id. at 19 (listed as "Ground Four" by Petitioner in his Amended Petition and in his argument).

6. "Sufficiency of the evidence." Id. at 26 (listed as "Ground Five" by Petitioner).

After the State responded to the filings, the Petitioner filed a "Traverse." Docket No. 15.

Subsequently, the Court formally granted Petitioner's Motion for Leave to File an Amended

Habeas Corpus, <u>see</u> Order at Docket No. 17, and the Motion for Leave and related filings were filed as an amended petition and memorandum.  <u>See</u> Docket Nos. 18, 19.

II.  DISCUSSION

A.  Claims Barred from Habeas Review

It is well-settled that applicants seeking federal habeas relief under section 2254[2] are required to exhaust all claims in state court prior to requesting federal collateral relief.  <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 729-55 (1991); <u>Whitehead v. Johnson</u>, 157 F.3d 384, 387 (5th Cir. 1998).  The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971); <u>see</u> <u>Mercadel v. Cain</u>, 179 F.3d 271, 275 (5th Cir. 1999); <u>Whitehead</u>, 157 F.3d at 387.

Burton has failed to "exhaust" or present the following grounds for relief at any point in his direct appeal or motion for post-conviction relief:

---

[2]Section 2254 provides, in relevant part, that:

(b) (1)An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
 (A) the applicant has exhausted the remedies available in the courts of the State; or
 (B) (i) there is an absence of available State corrective process; or
 (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A state shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented

28 U.S.C. § 2254(b-c)(1996).

1. Ground One: B. Appellate counsel failed to state which witness should have been called.

2. "The D.N.A. Evidence, along with the fact that there was no D.N.A. Expert Defense Testimony was Error." Docket No. 19 at 1 (listed as Issue number 4 by Petitioner in his "Statement of the Issues").

3. "There was no Denfense [sic] Fingerprint Expert." Id. (listed as Issue number 5 by Petitioner in his "Statement of the Issues").

4. "Substitution of Counsel. The State Court's failure to make a formal inquiry into the conflict between Petitioner and counsel for the defense deprived Petitioner of his Sixth Amendment rights." Docket No. 19 at 10 (listed as "Ground 1-d" by Petitioner in his argument).

5. "Conflict of Interest. Counsel for the Defense would not cooperate with Petitioner in my defense." Id. at 18 (listed as "Ground Three" by Petitioner in his argument).

As to the issue regarding appellate counsel, Burton admits that he has not exhausted, but urges the court to consider it in the "interests of justice." Docket No. 15 at 3. As to the lack of D.N.A. and fingerprint experts, he did not present these arguments as separate, independent grounds for relief in his direct appeal or post-conviction relief, but, instead, argued them within the context of ineffective assistance of counsel. With regard to his arguments on the issues of substitution of counsel and attorney conflict of interest, Burton did not present these particular arguments at any stage of his direct appeal or in his pursuit of post-conviction relief. Thus, he did not present any of the foregoing arguments in these particular forms to the state courts.

Should Burton try to return to state court to pursue these arguments as bases for relief, consideration of these arguments would be procedurally barred in state court because the three-year limitations period for post-conviction relief set forth in Miss. Code Ann. § 99-39-5(2) has run. Thus, Petitioner has technically exhausted his state court remedies on these claims. See Sones v. Hargett, 61 F.3d 410, 415 (5th Cir. 1995). A federal court may not review the merits

of a procedurally barred claim absent a showing either of cause for the default and actual prejudice or that failure to address the claim would result in a miscarriage of justice.  Id. Petitioner has made no such showing.

Burton presents the following three grounds for relief that this Court is also unable to review because of a procedural bar:

> 1. "Whether the trial court erred in not granting Petitioner's motion for a directed verdict and motion for judgment notwithstanding the verdict." (listed as "Ground Three" by Petitioner in his original petition).

> 2. "Petitioner was denied the right to the Constitutional guarantee of the Sixth Amendment for a fast and speedy trial." (listed as "Ground Four" by Petitioner in his argument).

> 3. "Sufficiency of the evidence." (listed as "Ground Five" by Petitioner in his argument).

Although Burton raised these grounds in his direct appeal before the Mississippi Court of Appeals, he failed to seek further review of these issues before the Mississippi Supreme Court. Review by this Court of these three arguments would be procedurally barred because of Burton's failure to exhaust properly his claims through discretionary review.  Since Burton failed to exhaust his remedies in state court on these issues and failed to fairly present them to the state's highest court in a procedurally proper manner, federal habeas relief may not be granted on these claims.  See 28 U.S.C. § 2254(b)(1); Whitehead, 157 F.3d at 387; Mercadel, 179 F.3d at 275.

In Mississippi, appellants who are dissatisfied with the decision of the Mississippi Court of Appeals must first file a motion for rehearing with that court, then file a petition for writ of certiorari with the Mississippi Supreme Court to obtain review of the decision of the Court of Appeals. Miss. R. App. P. 17(b).  Burton did not petition the Mississippi Court of Appeals for rehearing or the Mississippi Supreme Court for certiorari review.  And because relief (in the

form of a petition for rehearing or a petition for writ of certiorari) is no longer available due to the expiration of the time for such review, habeas review of these claims in this court is procedurally barred pursuant to <u>Sones v. Hargett</u>, 61 F.3d 410, 416 (5th Cir. 1995).

Accordingly, habeas review of all of the foregoing claims is procedurally barred.

<u>B.  Claims Eligible for Habeas Review</u>

The Court next turns to examine Burton's remaining claims, consisting of several ineffective assistance of counsel claims (Ground One) and denial of a motion to suppress voice identification (Ground Two).

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d) provides:

> (d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The phrase "contrary to. . .clearly established Federal law," under Section 2254(d)(1), means the State court either "applie[d] a rule that contradicts the governing law set forth in our cases" or in a case with facts "materially indistinguishable from a decision of this Court" arrived at a different conclusion.  <u>Williams v. Taylor</u>, 529 U.S. 362, 405-406 (2000).

In <u>Wiggins v. Smith</u>, 539 U.S. 510 (2003), the Supreme Court "made clear that the

'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ

if the state court identifies the correct governing legal principle from this Court's decisions but

unreasonably applies that principle to the facts' of petitioner's case."  539 U.S. at 520 (quoting

Williams, 529 U.S. at 413).  Thus, "[t]he question under AEDPA is not whether a federal court

believes the state court's determination was incorrect but whether that determination was

unreasonable–a substantially higher threshold."  Schriro v. Landrigan, 550 U.S. 465, 473 (2007).

The Supreme Court has recently observed that "[i]f this standard is  difficult to meet, that is

because it was meant to be."  Harrington v. Richter, 131 S. Ct. 770, 786 (2011).   There is a

"'highly deferential standard for evaluating state-court rulings' . . . which demands that

state-court decisions be given the benefit of the doubt."  Woodford v. Visciotti, 537 U.S. 19, 24

(2002) (per curiam)(quoting Lindh v. Murphy, 521 U.S. 320, 333 n. 7).

        In reviewing the state court's factual findings, including implied findings, this Court

defers to the state court's factual determinations unless they were "'based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding.'"  Hill

v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000)(quoting 28 U.S.C. § 2254(d)(2)).  "Where a state

court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be

met by showing there was no reasonable basis for the state court to deny relief."  Harrington, 131

S. Ct. at 784.  In the absence of a statement of reasons from the state court, "a [federal] habeas

court must determine what arguments or theories . . . could have supported the state court's

decision; and then it must ask whether it is possible fairminded jurists could disagree that those

arguments or theories are inconsistent with the holding in a prior decision of this Court."  Id. at

786.  According to the Supreme Court, this inquiry is the "'only question that matters under §

2254(d)(1).'" <u>Id.</u> (quoting <u>Lockyer v. Andrade</u>, 538 U.S. 63, 71 (2003)).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." <u>Harrington</u>, 131 S. Ct. at 786 (quoting <u>Yarborough v. Alvarado</u>, 541 U.S. 652, 664 (2004)). The fact petitioner may have presented the state court with what the federal court believes to be a "strong case for relief does not mean the state court's contrary conclusion was unreasonable." <u>Id.</u>

Applying the foregoing law to Burton's petition, the court concludes that Burton is not entitled to habeas relief. Burton has pointed to no controlling authority to which the decision in his case runs contrary. Nor has Burton demonstrated that the decision in his case was unreasonable in the light of the evidence presented.

<u>1. Ground One: Ineffective Assistance of Counsel</u>

Burton argues that his trial counsel was ineffective, in violation of the Sixth Amendment, when his trial counsel:

(a) failed to call a key witness;

(b) failed to call a Defense expert concerning DNA;

(c) failed to properly cross-examine the State's DNA expert;

(d) failed to request a fingerprint expert; and

(e) failed to cross-examine state's fingerprint expert effectively.

In order to prevail on a claim for ineffective assistance of counsel before the state court, a state criminal defendant must satisfy the two-prong test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). In <u>Strickland</u>, the Supreme Court held that before relief can be granted for

ineffective assistance of counsel, a criminal defendant must establish (1) that counsel's performance was deficient in that it fell below an objective standard of reasonable professional service; and (2) that this deficient performance prejudiced the defense such that there is a reasonable probability that the outcome of the trial has been undermined and the result would have been different. Strickland, 466 U.S. at 687, 688. Counsel is presumed to have given competent assistance, and a petitioner must overcome that presumption by demonstrating counsel's actions were not within the province of a reasonable trial strategy. See id. at 689 (to prevail on claim of ineffective assistance of counsel, petitioner must demonstrate counsel's representation fell below an objective standard of reasonable competence as a result of which he was prejudiced). A state court defendant's failure to establish both prongs of the Strickland test warrants rejection of his claims by a reviewing state court tribunal.

As previously observed, under the AEDPA, a federal habeas court evaluates the state court's determination that Burton did not satisfy Strickland pursuant to the parameters set forth in Williams v. Taylor. That is, in order to obtain relief from a federal court on his ineffective assistance claim, Burton must show that the state court decision regarding his claims of ineffective assistance of counsel was either "contrary to" federal law, as determined by the Supreme Court, or an "unreasonable application" of Strickland. Harrington, 131 S. Ct. at 785. Thus,

> [t]he pivotal question [under the AEDPA] is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a Strickland claim on direct review of a criminal conviction in a United States district court.

Id.; Bell v. Epps, No. 08-70031, 2009 WL 3073143, at *4 (5th Cir. Sept. 28, 2009).

Further, "because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." Knowles v. Mirzayance, 129 S. Ct. 1411, 1420 (2009). In fact, while § 2254(d), as amended, "stops short of imposing a complete bar on federal litigation on claims already rejected in state court proceedings" by "preserv[ing] authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents[,] [i]t goes no farther." Id.

As both the United States Supreme Court and the Fifth Circuit Court of Appeals have recognized, a criminal defendant is not constitutionally entitled to a perfect trial, just a fair one. Delaware v. Van Arsdall, 475 U.S. 673, 681 (1986); Sawyer v. Butler, 848 F.2d 582, 594 (5th Cir. 1988). Perceived improprieties do not warrant habeas corpus relief. Turner v. Johnson, 106 F.3d 1178, 1188 (5th Cir. 1997)("The remainder of the petitioner's ineffectiveness of counsel claim consists of challenges to trial counsels' failure to object to a multitude of perceived improprieties. Our review of the record persuades that these alleged failures either did not occur, did not constitute deficient performance, or did not affect the outcome of the trial.").

## (a) Failure to Call an Alibi Witness

Burton attacks his attorney's alleged failure to call an alibi witness. Complaints of uncalled witnesses are not favored in a federal habeas court because the presentation of testimonial evidence is a matter of trial strategy, and because allegations of what a witness would have testified are largely speculative. McCoy v. Cabana, 794 F.2d 177, 183 (5th Cir. 1986); Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984).

Specifically, Burton argues that his counsel failed to call his sister, Keisha Burton, as an

alibi witness. Petitioner never presented this sister's name or proffered the substance of her testimony to the state appellate courts for their evaluation in either his direct appeal or in his motion for post-conviction relief. He simply argued, in broad terms, that his attorney failed to call alibi witnesses. Even in this forum, Petitioner has failed to provide an affidavit regarding her proposed testimony, but, instead, he simply argues that she would have testified that he was "no doubt at her home the night" the victim "was allegedly assaulted." Docket No. 19 at 6.

This contention fails as a basis for habeas relief for several reasons. First, the review of this issue is arguably procedurally barred because he never gave the state courts an opportunity to evaluate it. <u>See</u> section (II)(A) *supra*. In his direct appeal, Burton argued broadly that his counsel failed to call witnesses, but he failed either to name Keisha Burton specifically as an uncalled witness or to proffer her testimony. The Mississippi Court of Appeals found that his argument was not "ripe for review" because Burton failed "to even mention which witnesses his attorney failed to contact, or which witnesses his attorney contacted but failed to call to the stand." <u>Burton</u>, 970 So. 2d at 238. Nevertheless, the Mississippi Court of Appeals affirmed Burton's conviction "'without prejudice to [his] right to raise the ineffective assistance of counsel issue via appropriate post-conviction proceedings.'" <u>Burton</u>, 970 So. 2d at 238 (quoting <u>Read v. State</u>, 430 So. 2d 832, 841 (Miss. 1983)). When given the opportunity to pursue this issue in his motion for post-conviction relief, Burton failed again to present specific arguments on this issue, arguing only that his lawyer did "not call alibi witnesses." S.C.R. Miscellaneous Pleading at 11. Thus, it appears that Burton failed to exhaust this specific issue with the state courts, and this issue is not eligible for habeas review. <u>See</u> <u>Sones v. Hargett</u>, 61 F.3d 410, 415 (5th Cir. 1995).

Second, and alternatively, Burton's contention regarding Keisha Burton's supposed testimony is pure speculation and without any evidentiary basis. Burton fails, except in broad terms, to proffer her testimony or to present an affidavit from her.

Finally, as explained below, a review of the record belies Petitioner's assertion that his attorney failed to make a "reasonable effort to contact" his sister. Docket No. 19 at 6. To the contrary, his actions meet and surpass the <u>Strickland</u> standard. Thus the Mississippi Supreme Court's application of <u>Strickland</u> was neither contrary to federal law nor an unreasonable application of <u>Strickland</u>.

According to the trial transcript, even though Petitioner failed to provide to his attorney an address or phone number for his sister, his attorney attempted to find her, and he also employed private investigators to search for her. S.C.R. vol. 4 at 424-431. Despite their best efforts, neither the private investigators nor trial counsel could locate her prior to trial. <u>Id.</u> Furthermore, Petitioner's father, who was also the father of the witness, could not locate her even though Petitioner represented to the trial court on the first day of trial that his father would make such efforts. <u>Id.</u> Nevertheless, after continuance of trial for an afternoon, trial counsel located Keisha Burton and spoke with her on the evening before the defense presented its case. S.C.R. vol. 5 at 452. Even with trial counsel's efforts, she still failed to appear despite her assurances to trial counsel that she would attend trial. <u>Id.</u> The record shows that trial counsel diligently sought this witness. Further, Burton provided no evidence of prejudice and no proof of what this witness would have said. However, a transcript of her testimony from the first trial was available and, after Burton and his attorney were given the opportunity to read the transcript and use it at trial, Burton and his attorney declined to enter it into evidence. <u>Id.</u> at 467. Burton

has failed to show that his trial counsel was constitutionally ineffective as to this witness and has failed to show prejudice. Accordingly, this contention is without merit, and this argument fails to provide a basis for habeas relief.

### (b) Failure to Call an Expert Witness

Burton argues that his trial counsel failed to provide constitutionally adequate representation when he did not call a defense expert concerning DNA. It appears that the trial court granted trial counsel funds to assist him with DNA evidence at trial, but no DNA expert was called as a part of the defense. Docket No. 19 at 37.

As explained above, complaints of uncalled witnesses are not favored in federal habeas corpus court because the presentation of witnesses is, in general, a matter of trial strategy, and speculation about the testimony of witnesses is too uncertain. Furthermore, as with lay witnesses, the Fifth Circuit requires a habeas petitioner to demonstrate prejudice regarding the failure to call an expert witness by:

> "nam[ing] the witness, demonstrat[ing] that the witness was available to testify and would have done so, set[ting] out the content of the witness's proposed testimony, and show[ing] that the testimony would have been favorable to a particular defense."

Woodfox v. Cain, 609 F.3d 774, 808 (5th Cir. 2010) (quoting Day v. Quarterman, 566 F.3d 527, 538 (5th Cir.2009)).

Petitioner has utterly failed to demonstrate prejudice. Instead, he simply argues that his counsel was ineffective by failing to call a defense expert concerning DNA because a defense expert could have assisted counsel in cross-examination of the prosecution's expert witness and could have translated the scientific terms to assist the jury. However, Petitioner still fails to set

forth the witness's identity, his availability to testify, and the content or substance of the expert witness's testimony. Moreover, he fails to demonstrate that the testimony would have been favorable to a "particular" defense. Accordingly, Petitioner has failed to demonstrate prejudice, and the Court finds that the Mississippi Supreme Court's application of Strickland on this issue was neither contrary to federal law nor an unreasonable application of Strickland. Accordingly, this argument fails to form the basis of habeas relief.

### (c) Failure to Cross-Examine State's DNA Experts Properly

Petitioner argues that trial counsel failed to cross-examine the State's DNA experts[3] properly because he either did not ask questions on cross-examination, or, in Petitioner's opinion, he failed to ask a sufficient number of questions. Docket No. 19 at 7. He argues that cross-examination could have weakened the prosecution's expert evidence and that the jury was "overwhelmed" by the State's "parade of un-contested expert testimony." Id. at 7-8.

"An attorney's decision on whether to cross-examine a particular witness or call a particular witness is a matter of trial strategy." Kitchens v. Caskey, Civil Action No. 1:10cv209-A-V, 2011 WL 5117791 (N.D. Miss. Oct. 25, 2011)(Aycock, J.) As in Kitchens, the Court finds that counsel's decisions not to ask additional questions of the expert witnesses were reasonable because the witnesses offered no favorable testimony to Burton. Likewise, counsel "appears to have determined that the less information before the jury from the expert[s], the less damage the defense would sustain." Id. Although Burton speculates about the line of questioning his counsel should have pursued, he fails to recognize that his counsel made a

_____

[3]The State called a trace evidence expert, Sandra Koch, and two DNA experts, Dr. Catherine Theisen and Brendan Shea. All three were employed by the Federal Bureau of Investigation.

continuing chain-of-custody objection, that his counsel directed pointed questions to the trace evidence expert (Koch), and that his counsel extensively cross-examined one DNA expert (Shea) regarding testing protocol and the possibility of human error. S.C.R. vol. 4 at 319-328.   Burton fails to state specifically what cross-examination counsel could have conducted or how such would have changed the verdict. Accordingly, Burton's allegations are without merit, and the Court finds that the Mississippi Supreme Court's application of <u>Strickland</u> on this issue was neither contrary to federal law nor an unreasonable application of <u>Strickland</u>.

### (d) Failure to Request a Fingerprint Expert

Petitioner argues that his counsel provided constitutionally inadequate representation because he failed to request a defense expert on fingerprints.  Construing his arguments broadly, he argues that if counsel had called a fingerprint expert, he could have attacked the quality and source of the fingerprints used against Burton. Petitioner argues that, as the defendant, he need not explain how or when his fingerprints were placed on the car, that the record fails to show that the car was inaccessible to him prior to the crimes, and, therefore, the fingerprints are insufficient evidence to demonstrate his guilt.  In other words, it appears that Petitioner argues that the fingerprint evidence alone will not support his conviction if the prints could have been placed there innocently.

Petitioner cites <u>United States v. Talbert</u>, 710 F.2d 528, 530 (9th Cir. 1983), among other cases, in support of his position.  The problem with Burton's approach is that he misreads <u>Talbert</u>; there's nothing in the record to support an argument that there was a "reasonable possibility that the prints could have been placed there innocently." <u>Id.</u>  Just as in <u>Talbert</u>, the evidence in this case "indicates that it was extremely unlikely that [Burton] had innocently"

touched the victim's car at an earlier time.

Petitioner, furthermore, has failed to show prejudice by his counsel's failure to call an expert witness on fingerprints. As set forth in <u>Woodfox</u>, Petitioner has failed to name an expert witness, has failed to demonstrate that the witness was available to testify and would have done so, has failed to set forth the content of the witness's proposed testimony, and has failed to show that the testimony would have been favorable to a particular defense. Accordingly, Petitioner has failed to demonstrate prejudice, and the Court finds that the Mississippi Supreme Court's application of <u>Strickland</u> on this issue was neither contrary to federal law nor an unreasonable application of <u>Strickland</u>, and this argument fails to form the basis of habeas relief.

<u>(e) Failure to Cross-Examine State's Fingerprint Expert Effectively</u>

Petitioner argues that his counsel's cross-examination of the fingerprint expert was ineffective. Burton admits that his counsel asked thirty-seven questions in cross-examination, but argues that none of the thirty-seven questions constituted effective assistance of counsel. In broad terms, he argues that the cross-examination by defense counsel was ineffective because defense counsel did not ask questions on "ridge flow, patern [sic] interpretations, loop groups, ridge characteristics, friction ridges, [and] spliting [sic] or dividing ridges." Docket No. 19 at 9.

The trial record shows that trial counsel extensively sought to impeach the State's fingerprint expert. He used his questions to create doubt about the quality of the fingerprints, the condition of the computer equipment, and the accuracy of the computer searches for matching prints. Trial counsel also pointed out flaws in the expert's methodology for visually comparing fingerprints, thereby highlighting the potential for human error in comparing and identifying fingerprints. S.C.R. vol. 4 at 377-389. Having reviewed the transcript, the undersigned finds

that trial counsel's cross-examination of the fingerprint expert was not constitutionally deficient and that Petitioner was not prejudiced by it. To the contrary, counsel worked to create doubt in the minds of the jurors about the trustworthiness and accuracy of the expert's method of concluding that the subject fingerprints were created by Burton. Accordingly, the Court finds that the Mississippi Court of Appeals reasonably applied Strickland on this issue, and this argument fails to form the basis of habeas relief.

Thus, the Court rejects all of Burton's allegations of ineffectiveness. A review of the record confirms the conclusion that Burton received effective assistance of counsel. Not only does Burton fail to show deficient performance by his attorney, he fails to show any resulting prejudice. The Mississippi Court of Appeals and the Mississippi Supreme Court reasonably applied the Strickland standard, and Petitioner's claims of ineffective assistance of trial counsel fail to form a basis for habeas relief.

## 2. Ground Two: Voice Identification/Suggestive Confrontation

Petitioner argues that the trial court erred when it failed to suppress the victim's voice identification of him that was made during an allegedly suggestive confrontation. According to the decision affirming his conviction, the victim identified Burton after hearing his voice, but not viewing him, when she attended a court hearing on federal charges brought against Burton. Burton, 970 So. 2d at 232.

This Court's review of this issue is limited to determining whether the state court's ruling involved an unreasonable application of clearly established Federal law. The admissibility of evidence is a matter of state law. Edwards v. Butler, 882 F.2d 160, 164 (5th Cir. 1989). The Supreme Court has held that federal habeas corpus relief will not be granted for errors of state

law.  Estelle v. McGuire, 502 U.S. 62, 67 (1991).  "When a federal court reviews state court evidentiary rulings on a petition for habeas corpus, it will grant relief only if the state court error is sufficiently egregious to render the entire trial fundamentally unfair."  Edwards v. Butler, 882 F.2d at 164.  In other words, federal habeas corpus relief is appropriate only when a conviction has been obtained in violation of federal law or a specific right protected by the United States Constitution.  28 U.S.C. § 2254(a); Smith v. Phillips, 455 U.S. 209 (1982).  An erroneous state evidentiary ruling may be the basis for federal habeas corpus relief only if "the challenged evidence is a crucial, critical, or highly significant factor in the context of the entire trial."  Thomas v. Lynaugh, 812 F.2d 225, 230 (5th Cir. 1987).

The Mississippi Court of Appeals reviewed this issue on Burton's direct appeal, applying the holding of Neil v. Biggers, 409 U.S. 188 (1972).   In Neil, the United States Supreme Court established a "totality of the circumstances" test to consider whether a witness's identification of a defendant was reliable even though the confrontation procedure was suggestive.  Id. at 199. The Supreme Court found:

> that the factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.

Id. at 199-200.

Having reviewed the application of this test by the Mississippi Court of Appeals, the undersigned finds that the state court's decision was neither contrary to nor an unreasonable application of Neil.  Although the victim in this case did not view Burton's face, she identified him based upon his voice.  In Neil, the rape victim spent up to half an hour with her assailant,

which the Supreme Court characterized as a "considerable period of time." Id. at 200.  In this case, the victim spent about forty-five minutes with her assailant, during which time she testified that he talked constantly.  As in Neil, she was "no casual observer," but had to pay close attention to his commands at the risk of her life.  The Court of Appeals found that the accuracy of her prior description of his voice neither weighed for or against her because her description was not "particularly specific," and the court was not provided sample recordings of Burton's voice.  As to her level of certainty, she identified him, without question, as soon as he began talking during the hearing.  Burton, 970 So. 2d at 236.  Finally, as to the lapse of time, the undersigned finds that the state court's determination that the lapse of eight months between the attack and the voice identification weighed against the reliability of the identification was not contrary to Neil.  In Neil, the Supreme Court found that a lapse of seven months could be considered a negative factor.  Id.

Evaluating all of the factors within the "totality of the circumstances," the Mississippi Court of Appeals concluded that the victim had "ample opportunity to observe Burton's voice, she devoted a high degree of attention to his voice, and she was very certain in her identification of Burton as her assailant."  Burton, 970 So. 2d at 237.  This court finds no basis to disturb that conclusion, and finds that the decision of the state court on this issue was neither contrary to nor an unreasonable application of federal law.  Accordingly, this issue does not provide the basis for habeas relief.

### III. CONCLUSION

Accordingly, for the reasons stated above, Burton's petition for habeas corpus relief should be denied, and this case should be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636, <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 19th day of July, 2012.

<u>    /s/ F. Keith Ball                              </u>
UNITED STATES MAGSTRATE JUDGE